IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ELISEO MORALES GARCIA
MARIBEL MENA MELENDEZ,

    Debtor(s).

| | |
|---|---|

Case No. 04-12461 (ESL)

Chapter 11

ELISEO MORALES GARCIA
MARIBEL MENA MELENDEZ,

    Plaintiff(s),

v.

HON. LUISA M. COLOM GARCIA,
SUPERIOR JUDGE OF COURT OF FIRST
INSTANCE OF PUERTO RICO, SUPERIOR
COURT OF BAYAMON; JOHN DOE 1
THROUGH 100,

    Defendant(s).

Adversary Proceeding No. 05-00102

## OPINION AND ORDER

    This case is before the court upon the motion to dismiss filed by codefendant Hon. Luisa M. Colom García on the grounds of judicial immunity, and plaintiffs' opposition thereto, alleging that the judge's actions were taken in complete absence of jurisdiction, and, thus, the doctrine of judicial immunity is inapplicable. Plaintiffs' position is that actions in violation of the automatic stay are null and void. For the reasons stated below, the motion to dismiss is hereby granted.

    At the outset, the court notes that in the original complaint the plaintiffs made similar allegations against Judge Colom.[1] However, during the hearing held on May 23, 2005, the plaintiffs

---

[1] *See* Complaint (Docket No. 1):

    31.    In refusing to declare the public auction null and void, Judge Colóm is in fact taking away Debtors' control over property of their estate. Said action or inaction, with knowledge of the filing of Debtors' Chapter 11 petition, is a willful

indicated that they would not pursue any allegations against Judge Colom, thus, making any claim for violation of the automatic stay moot. The only issue left pending was whether the decision by the Superior Court of the Commonwealth of Puerto Rico, Bayamón Part, was null and void. Plaintiffs reallege essentially the same facts,[2] and this time oppose that the action be dismissed as to the judicial officer. Although plaintiffs may be judicially estopped[3] from such a course of action, the court finds that Judge Colom's actions are shielded with judicial immunity.

It is a basic tenet of our system of justice that judicial officers must be free to decide controversies without fear of personal consequences, *Stump v. Sparkman*, 435 U.S. 349 (1978), and are entitled to judicial immunity for their actions in furtherance of their judicial duties and

---

violation of the provisions of Section 542(a).

32. In refusing to declare the public auction null and void, Judge Colom has acted with knowledge that Debtors have filed a Chapter 11 petition and that the retention of property of the estate is a willful violation of Section 542.

33. As a result of Judge Colom's intentional, deliberate and unlawful conduct, Debtors are entitled to compensatory damages.

[2] *See* Amended Complaint (Docket No. 41):

13. Notwithstanding Debtors' bankruptcy filing on December 8, 2004, which was duly notified, the Bayamón Court proceeded to sell the aforementioned properties through public auction on December 20, 2004, eleven (11) days after Debtors' bankruptcy petition.

14. The public auction was performed notwithstanding Debtors' request for a stay of all proceedings filed on December 17, 2004, copy of which is attached as Exhibit B of the Complaint. Pursuant to the illegal public auction, co-defendants Almeida paid $3,665,000.00 for the subject property. Said monies are still deposited in the Bayamón Court.

15. Furthermore, Debtors proceeded to request from Judge Colom to declare the public auction null and void, through motion filed on December 22, 2004, copy of which is attached as Exhibit C of the Complaint. Said motion was initially granted by Judge Colom (see Order included as Exhibit D of the Complaint) but after scheduling an emergency hearing for January 27, 2005, Judge Colom proceeded to vacate her initial ruling and ruled instead that the public auction was valid. See Minutes of proceedings enclosed as Exhibit E of the Complaint. (Footnote omitted.)

[3] A party may be judicially estopped from presenting a position directly inconsistent with one previously taken. *In re Bankvest Capital Corp.*, 375 F.3d 51, 60 (1st Cir. 2004).

- 2 -

responsibilities, unless performed in clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 227-229 (1988). The scope of subject matter jurisdiction must be broadly construed. *Stump*, 435 U.S. at 356. A judge is entitled to judicial immunity even if he or she acted in error, including whether or not the automatic stay provisions of 11 U.S.C. 362(a) are applicable to the controversy before said court. *Kearns v. Orr*, 161 B.R. 701, 704 (D. Kansas 1993).

The contested judicial action by Judge Colom is her decision not to vacate a public auction held in a distribution of inheritance action under her consideration, made after the filing of the bankruptcy petition. Clearly, Judge Colom had subject matter jurisdiction over the distribution of inheritance action. Whether or not she may have erred on her decision regarding the applicability of the automatic stay is irrelevant. Judge Colom is entitled to judicial immunity for her decision. *See In re Perry*, 312 B.R. 720 (Bankr. M.D. Georgia 2004); *In re Womack*, 253 B.R. 241 (Bankr. E.D. Arkansas 2000); *In re Coates*, 108 B.R. 823 (Bankr. M.D. Georgia 1989).

In view of the foregoing, the motion to dismiss is granted, and the complaint is dismissed as to Judge Colom. The Clerk shall enter partial judgment accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this _9th_ day of May, 2006.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

- 3 -